UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No: 8:23-cv-2096-WFJ-SPF

TERENCE M. TAYLOR,

    Defendant

_____/

**ORDER**

Before the Court is *pro se* Defendant Terence M. Taylor's handwritten motions requesting discovery and mediation (Doc. 19), and reconsideration of the entry of default (Doc. 21). Both motions are denied.

On September 15, 2023, the United States filed this action against Defendant Terence M. Taylor to obtain a monetary judgment for unpaid Restitution Based Assessments ("RBAs") under a plea agreement Defendant entered on August 29, 2011, in *United States v. Terence M. Taylor*, Case No. 3:11-CR-428 (N.D.N.Y.). On October 25, 2023, Defendant returned signed Waiver of Service forms to counsel for the United States after a brief phone conversation (Doc. 16). Counsel for the United States represents that he reminded Defendant of his obligation to respond to the United States' Complaint (Doc. 1) within 60 days of September 25, 2023, and informed him that his deadline was Friday, November 24, 2023 (*Id.*). *See* Fed. R. Civ. P. 4(d)(3). On that same day, the United States filed Defendant's signed Waiver of Service forms (Doc. 8).

On November 22, 2023, Defendant mailed a motion for extension of time to answer the Complaint (Doc. 10) to the Court. The Court granted the motion and directed Defendant to file an answer or otherwise respond to United States' Complaint no later than December 20, 2023 (Doc. 11). Defendant failed to comply with the Court's order. Instead, Defendant mailed another motion seeking an extension of time to respond to the Complaint (Doc. 13). That motion was denied (Doc. 14).

When Defendant failed to respond to the Complaint, and the time to do so had expired, the United States moved for entry of default (Doc. 16). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default. Fed. R. Civ. P. 55(a) (emphasis added). Because Defendant failed to plead or otherwise defend, the entry of default was proper.

Defendant now asks this Court to reconsider the entry of default because his motion requesting discovery and mediation was still pending, and due to his health issues (Doc. 21). Defendant's motion, however, did not affect the deadline to answer or respond to the Complaint. And while the Court empathizes with Defendant's health struggles, he has overcome those issues to file four motions in this case (Docs. 10, 13, 19 and 21). Simply put, if Defendant is able to file motions, he can file an answer.

Finally, Defendant's motion for discovery and mediation (Doc. 19) is premature. Before moving forward in this case, Defendant must show good cause to set aside the default (*see* Fed. R. Civ. P. 55(c)), and file an answer (*see* Fed. R. Civ. P. 8 and 12). Failure to do so will likely result in the entry of a final default judgment.

While Plaintiff is proceeding *pro se,* he is expected to adhere to the deadlines set forth by the Court as well as to the procedural requirements of the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida.[1]  The Court has developed a website, located at www.flmd.uscourts.gov/litigants-without-lawyers, to help *pro se* litigants.  In addition to providing a "Guide for Proceeding Without a Lawyer," the site provides a link for lawyer referral services: www.flmd.uscourts.gov/lawyer-referral-services.  Plaintiff is encouraged to take advantage of these resources.

Accordingly, it is

**ORDERED**:

1. Defendant Terence M. Taylor's motion requesting discovery and mediation (Doc. 19) is DENIED WITHOUT PREJUDICE; and

2. Defendant Terence M. Taylor's motion for reconsideration of the entry of default (Doc. 21) is DENIED.

3. Defendant may move to set aside the default by showing good cause.  The motion will be looked at more favorably if the Defendant also files an answer to the Complaint.

ORDERED in Tampa, Florida, on January 30, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

[1] *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").